IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIE MCDANIELS                                                                         PLAINTIFF

vs.                            Civil Case No. 4:02CV00144 HLJ

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

On March 30, 2005, the District Court adopted the Recommended Disposition by this court reversing the decision of the Commissioner and remanding this case for further evaluation under sentence four. Plaintiff has now filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  He requests $2,318.60 in attorney's fees, representing 3.85 hours of work performed by counsel before this court in 2002 at a rate of $ 132.00 per hour, .60 hours of work by counsel in 2003 at the rate of $142.00 per hour and 11.35 hours of work by counsel in

2004 and 2005 at the rate of $152.00 per hour.  Defendant does not object to a reasonable award of fees under the EAJA, and she does not object to the hourly rates requested.  She contends, however, that the number of hours submitted by Plaintiff is excessive.

She first challenges two hours submitted for work performed n February 16, 2002, which she contends was performed at the administrative level.  The remand in this case was pursuant to sentence four, under which the District Court did not retain jurisdiction.  A plaintiff may not recover fees at the administrative level under EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993).  "[T]he attorney's fees recoverable when a sentence-four remand is obtained are those fees incurred before the district court, and not those fees incurred subsequent to remand at the administrative level."  Sorich v. Shalala, 838 F.Supp. 1354, 1357 (D.Neb. 1993)(footnote omitted).  In this case, however, the time challenged was not time spent at the administrative level, but time spent with Plaintiff after the decision at the administrative level, determining whether to appeal to this court.  I find the time should be allowed and deny Defendant's challenge.

Defendant also challenges one hour Plaintiff lists as "miscellaneous client contacts," which has no specific date, but which he includes in his calculation of hours expended in 2004 at $152.00 per hour.  Defendant contends the description is too vague to qualify for reimbursement.  The argument is well-taken.  The

3

court is unable to tell from Plaintiff's description whether the "contact" was made by counsel, when it was made, or whether it even pertained to this case, and the one hour will be disallowed.

The maximum statutory rate of compensation set forth in § 2412(d)(2)(A)(ii) is $125.00 for work performed by an attorney. This court has granted an 11% cost of living increase in this rate, to $138.00 per hour, based on the Consumer Price Index, where counsel has made a sufficient showing of the increase. Although Plaintiff in this case has not made such a showing, and thus is not entitled to an increased rate on that basis, the Office of the General Counsel of the Social Security Administration has entered into agreements with counsel for other plaintiffs in cases in this district to calculate attorneys' fees on an annualized basis, using the Consumer Price Index for All Urban Consumers (CPI-U). The parties in those cases agreed that work performed in 2001 should be compensated at the rate of $138.00 per hour, work performed in 2002 should be compensated at the rate of $144.00 per hour, work performed in 2003 should be compensated at the rate of $147.00 and work performed in 2004 should be compensated at the rate of $152.00 per hour. Since Plaintiff's hourly rate requests fall within those agreed rates, the court will grant Plaintiff's requested rates.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees is GRANTED AS MODIFIED and Plaintiff is hereby awarded attorney's fees in the amount of $2166.60 pursuant to EAJA. The

4

Commissioner is directed to certify said award and pay Plaintiff's attorney this amount.

SO ORDERED this 28th day of October, 2005.

*Henry L. Jones, Jr.*
United States Magistrate Judge